IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREAT AMERICAN INSURANCE COMPANY,
        Plaintiff,

v.                                                         Civil Action No. 3:19-cv-902

53rd PLACE, LLC, et al.,
        Defendants.

## OPINION

Great American Insurance Company ("Great American") filed this action against six defendants[1] to enforce its rights as surety under two indemnity agreements. Great American served the defendants with the complaint and summons on December 11, 2019, and December 12, 2019. The defendants failed to file responsive pleadings, and Great American moved for entry of default. The Clerk entered default against the defendants pursuant to Federal Rule of Civil Procedure 55(a). Great American now moves for default judgment under Rule 55(b).[2]

---

[1] Great American initially sued the following defendants: (1) 53rd Place, LLC ("53rd Place"); (2) A M Homes, LLC ("A M Homes"); (3) 3114 13th Land Trust; (4) Patricia Winifred Prudhomme du Hancourt, individually; (5) Patricia Winifred Prudhomme du Hancourt, as Executrix of the Estate of Louis Hubert Guy Prudhomme du Hancourt; and (6) Adrian Molnar. On March 23, 2020, 53rd Place and du Hancourt filed a suggestion of bankruptcy. (Dk. No. 27.) Thus, pursuant to 11 U.S.C. § 362(a), the Court stayed all proceedings against 53rd Place and du Hancourt. (Dk. No. 28.) Although Great American does not seek default judgment against du Hancourt in her individual capacity, it seeks default judgment against her in her capacity as Executrix. Because the Court has stayed this case as to du Hancourt in her individual capacity, the Court declines to enter default judgment against du Hancourt in her capacity as Executrix. *See In re Burg*, 295 B.R. 698, 704 (Bankr. W.D.N.Y. 2003) ("[A] proceeding against the debtor 'in whatever "capacity" is a proceeding against the Debtor' for purposes of section 362(a)(1)." (quoting *In re Fiedler*, 34 B.R. 602, 603 (Bankr. D. Colo. 1983))). The Court, therefore, will deny the motion for default judgment without prejudice as to du Hancourt in her capacity as Executrix. The Court will refer to AM Homes, 3114 13th Land Trust, and Adrian Molnar as "the defendants."

[2] Great American's motion for default judgment includes the required notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam).

## I. <u>BACKGROUND</u>

On April 12, 2017, Great American entered into a written indemnity agreement with the following: 53rd Place, as principal and corporate indemnitor, and Guy Prudhomme du Hancourt and Patricia Prudhomme du Hancourt, in their individual capacities as personal indemnitors. (Compl. ¶ 11.) On October 24, 2018, Great American entered into a second written indemnity agreement with the following: 53rd Place as principal and corporate indemnitor; A M Homes and 3114 13th Land Trust, as corporate indemnitors; and Patricia Prudhomme du Hancourt and Adrian Molnar, in their individual capacities as personal indemnitors. (*Id.* ¶ 12.)

Under those indemnity agreements, the defendants, jointly and severally, agreed to indemnify Great American

> [a]gainst all loss, liability, costs, damagers, attorney's fees and expenses whatever, which [Great American] may sustain or incur by reason of executing the Bonds, in making any investigation on account thereof, in prosecuting or defending any action which may be brought in connection therewith, in obtaining a release therefrom, and in enforcing any of the agreements herein contained.

(*Id.* ¶ 13.) The defendants further agreed "[t]o deposit with [Great American], upon demand, an amount sufficient to discharge any claim on the bonds." (*Id.* ¶ 14.)

After the parties executed the indemnity agreements, Great American issued warranty bonds on various condominium properties in the District of Columbia. (*Id.* ¶ 15.) 53rd Place and 1334 13th Land Trust then named the District of Columbia as obligee for each of the properties, pursuant to District of Columbia law governing condominiums. (*Id.* ¶ 16.)

Since then, Great American has learned of multiple claims made on the warranty bonds at issue, for which the defendants have failed to provide collateral under the indemnity agreements. (*Id.* ¶¶ 18-27.) Great American asserts that it "is exposed to potential losses in at least the amount of $950,000.00 as a result of the issuance of the various bonds." (*Id.* ¶ 26.)

To date, Great American has paid losses on the following three warranty bonds: (1) $72,000 on Bond No. 2159664; (2) $50,000 on Bond No. 2413544; and (3) $89,800 on Bond No. 2159663. (Dk. No. 26 ¶ 3.) Great American demanded that the defendants satisfy the claims or indemnify Great American, but the defendants have failed to do so. (*Id.*)

Great American has also received three additional claims, which it is currently investigating and evaluating. (*Id.* ¶ 5.) Specifically, Great American has received additional claims on the following three warranty bonds: (1) $120,000 on Bond No. 2159664; (2) $80,000 on Bond No. 2413541; and (3) $10,281.37 on Bond No. 2413530. (*Id.* ¶¶ 4-5.) Although Great American is currently processing the $120,000 claim, a payment "was not mailed to the obligee pending the receipt of additional information from . . . third party contractors." (Dk. No. 29 ¶ 3.) But Great American "expects this claim will ultimately be paid and still remains exposed for the full sum of $120,000." (*Id.* ¶ 4.) Thus, it seeks damages in the amount of $331,800 "for actual losses paid to date on the warranty bonds, as well as losses expected to be paid, including the $120,000." (*Id.*) Great American also seeks injunctive relief to cover future losses and attorney's fees, costs, and expenses.

## II. CLAIMS[3]

When a defendant defaults, the defendant admits the well-pleaded factual allegations in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). In reviewing a motion for default judgment under Rule 55(b), a court accepts the plaintiff's well-pleaded allegations as true, with regards the defendant's liability. *Id.* A court then determines whether the allegations support the relief sought. *Id.*

---

[3] Great American asserts three counts in its complaint: (1) specific performance (Count One); quia timet and injunctive relief (Count Two); and breach of contract (Count Three). Counts One and Two are not separate causes of action and instead constitute forms of relief.

3

To state a claim for breach of contract under District of Columbia law,[4] a plaintiff must plead facts showing (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach. *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009).

Great American adequately pleads a breach of contract claim. First, Great American alleges that the indemnity agreements constitute valid contracts between the parties. Great American cites specific dates on which the parties signed the indemnity agreements. Great American also attached the signed agreements as exhibits to its complaint. (Compl. ¶¶ 11-12). Second, Great American cites the provisions of the indemnity agreements that establish the defendants' obligation to indemnify Great American. (*Id.* ¶¶ 13, 14, 43.) Third, Great American alleges that the defendants breached that duty by failing to indemnify Great American. (*Id.* ¶¶ 17, 44). Finally, Great American alleges that it has paid losses on three warranty bonds and continues to be exposed to liability. (Dk. No. 26 ¶¶ 3-6.) Great American, therefore, sufficiently establishes a breach of contract claim.

### III. **RELIEF**

#### *A. Actual Damages*

Great American seeks actual damages in the amount of $331,800 for losses paid to date on the warranty bonds, plus post-judgment interest at the legal rate. That amount includes three claims that Great American has covered—which amounts to $211,800—and one additional claim

---

[4] As far as the Court can discern, the indemnity agreements do not contain a choice of law provision. In Virginia, courts "apply the law of the state in which contract at issue was executed." *Lufthansa Systems Infratec GmbH v. Wi-Sky Inflight, Inc.*, 894 F. Supp. 2d, 677, 685 (E.D. Va. 2012). The parties executed and signed the indemnity agreements in the District of Columbia and a notary public of the District of Columbia witnessed the execution of the agreements. Accordingly, District of Columbia law governs this dispute.

4

in the amount of $120,000, which Great American is in the process of paying. (*See* Dk. No. 29 ¶ 4.)

When assessing a plaintiff's damages, courts need not conduct a formal evidentiary hearing "if the damages can be ascertained based on detailed affidavits or documents attached to the plaintiff's motion." *Anderson & Strudwick, Inc. v. IBD-Placement & Recruiting Servs., LLC*, No. 3:11cv818, 2012 WL 1656504 at *4 (E.D. Va. May 10, 2012). The amount of damages awarded may not exceed the amount demanded in the complaint. *See* Fed. R. Civ. P. 54(c).

Here, Great American attached affidavits from a claims attorney for Great American. (Dk. No. 26-1; *see also* Dk. No. 29.) The affidavits outline the warranty bonds that Great American considered and approved based on the indemnity agreements and the amounts of each payment. (*See* Dk. No. 26-1 ¶ 6.) Great American also attached copies of the signed indemnity agreements and executed warranty bonds. Finally, Great American attached copies of the checks it issued for the first three bonds, which total $211,800. Accordingly, Great American demonstrates that it has suffered actual damages flowing from the defendants' breach in the amount of $211,800.

Because Great American has not yet suffered the additional loss of $120,000, Great American is not entitled to an award of actual damages for that additional amount. *See Birdsall v. Coolidge*, 93 U.S. 64, 64 (1876) (noting that the amount awarded for actual damages shall be "precisely commensurate" with the injury suffered). Accordingly, the Court will award actual damages in the amount of $211,800. Thus, the Court will enter judgment against the defendants, jointly and severally, for $211,800.

### B. Quia Timet

Next, Great American seeks injunctive relief against the defendants, invoking the doctrine of quia timet. (*See* Dk. No. 26 ¶ 10(C)(1).) "Quia timet relief is 'the right of a surety to demand

that the principal place the surety "in funds" when there are reasonable grounds to believe that the surety will suffer a loss in the future because the principal is likely to default on its primary obligation to the creditor.'" *NGM Ins. Co. v. Terra Developers, LLC*, No. 1:18cv111, 2018 WL 4355844, at *5 (E.D. Va. July 31, 2018).[5] "The relief is designed to prevent dissipation of funds and to prevent a principal from hiding or avoiding its obligations and absconding." *Id.* "The fact that parties have a contract that does not explicitly [refer to] quia timet relief does not preclude such relief, and a number of courts have awarded quia timet relief where a written indemnity agreement exists." *Id.*

Here, Great American asks the Court to order the defendants to place Great American "in funds" for anticipated future losses. *Id.* Great American says that it has received additional claims under the warranty bonds after paying losses on three warranty bonds. Thus, Great American contends that the "receipt of these three additional claims underscores the ongoing nature of Great American's exposure under the subject warranty bonds." (Dk. No. 26 ¶ 6.) Great American sufficiently establishes that quia timet relief is appropriate in this case. Accordingly, the Court will order injunctive relief to cover the amount of future losses in the amount of $738,200.

### C. Further Injunctive Relief

Finally, Great American asks the Court to enter an Order (1) directing the defendants to place Great American in funds, to provide Great American with an accounting of assets, and to indemnify Great American for losses incurred to date; (2) enjoining the defendants from selling or transferring their property and from allowing their property to be encumbered; and (3) granting a lien on all of the defendants' corporate and personal assets and property. (*See* Dk. No. 26 ¶ 10.)

---

[5] *See Pavarini & Wyne v. Title Guar. & Sur. Co.*, 36 App. D.C. 348, 351 (1911) ("[W]hen the obligation has become due, the surety, without discharging it, may maintain a suit, in the nature of a bill *quia timet*, to compel his principal to discharge it.").

To receive a permanent injunction, Great American must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant[s], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Christopher Phelps & Assocs. v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

First, Great American establishes that it remains exposed to additional losses under the warranty bonds. It has also incurred "significant attorney's fees, costs, and expenses in investigating and handling the claims against the bonds and will continue to incur such fees." (Dk. No. 25 ¶ 16.) Second, "there is no adequate remedy at law for the [defendants'] material breach of their obligations under the [i]ndemnity [a]greement[s] to provide collateral." (*Id.* ¶ 17.) Third, a remedy in equity is warranted because Great American has no other means to enforce its rights under the indemnity agreements. Finally, "[i]t is in the public interest to . . . enforce valid contracts." *NaturaLawn of Am., Inc. v. W. Grp., LLC*, 484 F. Supp. 2d 392, 404 (D. Md. 2007). Thus, Great American adequately satisfies the requirements to receive a permanent injunction.

Indeed, in cases involving breach of indemnity agreements, courts have entered injunctive relief similar to the relief Great American requests here.[6] As explained above, the Court will enter

---

[6] *See, e.g., NGM Ins. Co.*, 2018 WL 4355844, at *6 (ordering the defendants to "[p]lace [the plaintiff] in funds immediately in at least to amount of $332,581.10," to "[r]ender to [the plaintiff] an immediate, full[,] and complete accounting of any and all assets owned by them," and to "[i]ndemnify [the plaintiff] for any and all liabilities, losses[,] and expenses;" enjoining the defendants from "[s]elling, transferring[,] or otherwise disposing of or encumbering their assets and property in any manner" and from "[a]llowing their assets and property to be liened or otherwise encumbered;" and placing "a lien . . . on all of the personal assets and property of" the defendants); *Auto-Owners Ins. Co. v. Randy B. Terry, Inc.*, 2013 WL 6583959, at *1 (N.D. Ala. Dec. 16, 2013) (granting the plaintiff's motion for default judgment and ordering injunctive relief pursuant to the doctrine of quia timet).

judgment against the defendants for breach of the indemnity agreements. The Court, therefore, will order appropriate injunctive relief pursuant to the doctrine of quia timet.

### D. Attorney's Fees

Great American asks the Court to enter judgment against the defendants "for any and all attorney's fees, costs, and expenses incurred by Great American by reason of its issuance of the warranty bonds." (Dk. No. 26 ¶ 10(B).) In a request for attorney's fees, the movant must "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(iii). Because Great American's request for attorney's fees does not provide an amount or fair estimate of the cost, Great American has "failed to make a proper plea for attorney's fees." *Havemann v. Colvin*, 537 F. App'x 142, 149 (4th Cir. 2013) (per curiam); *see also Grissom v. The Mills Corp.*, 549 F.3d 313, 321-22 (4th Cir. 2008). Accordingly, the Court declines to award attorney's fees and costs.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Great American's motion for default judgment. The Court declines to award attorney's fees and costs.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 27 Jul 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge